**STATE ex rel. CROWSON et al. v. WOODSON INDEPENDENT SCHOOL DIST. et al. (No. 1779.)**

(Court of Civil Appeals of Texas. El Paso. June 11, 1925.)

**Schools and school districts ⊜⟹22—Objections to validity of school district and bond elections held by it held obviated and disposed of by later act.**

Objections to validity of Woodson independent school district, created by Loc. & Sp. Acts 38th Leg. Third Called Sess. (1923) c. 8, and bond election held by it, *held* obviated and disposed of by Loc. & Sp. Acts 39th Leg. (1925) c. 73, amending former act.

Appeal · from District Court, Stephens County; C. O. Hamlin, Judge.

Action in nature of quo warranto by the State, on the relation of W. H. Crowson and others, against the Woodson Independent School District and ·others. From a judgment denying relators' relief prayed for, they appeal. Affirmed.

E. L. Routh, Dist. Atty., and E. D. Gatlin, both of Breckenridge, and N. N. Rosenquest, of Eastland, for appellants.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, and D. T. Bowles, of Breckenridge, for appellees.

WALTHALL, J. This is an action in the nature of quo warranto brought by appellant, the state of Texas, on the relation of W. H. Crowson and others, against appellees Woodson independent school district and others. The relators, appellants here, W. H. Crowson, and others, presented a petition to the district court of the Ninetieth judicial district, which petition was by said court on the 18th day of June, 1924, ordered filed as an information in this case. In said petition relators prayed for judgment dissolving and ousting the Woodson independent school district of

all its franchises and corporate privileges, and that its board of trustees, tax collector, and assessor be perpetually enjoined from functioning as such, and restrained from assessing, levying, and collecting any taxes whatsoever against the lands and other properties situated in the territory added to the old Woodson independent school district by chapter 8 of the Local and Special Laws of the Third Called Session of the Thirty-Eighth Legislature.

The petition, in substance, alleged that what might be designated as the new Woodson independent school district is composed of territory situated in both Throckmorton and Stephens counties; that the Thirty-Eighth Legislature at its Third Called Session by chapter 8 of the Local and Special Laws attempted to create a school district having territory in both of said counties, stating the added territory as defined; that relators own land in the territory added to the Woodson independent school district as it existed prior to the legislation as above, stating the aggregate acreage owned and its school tax value; that relators are qualified property owning voters in the school district as attempted to be defined by said legislation.

Relators further say that some of the relators, naming them, are owners of land in common school district No. 17, Throckmorton county, as that district is defined by said legislation, and have children, naming them, within the scholastic age and entitled to the privileges of the public schools in the added territory of the Woodson independent school district as same existed before the said legislation; that by order of the commissioners' court of Throckmorton county there was created on or about the 10th day of January, 1916, the territory embracing said common school district No. 17, stating the boundaries of said district as in the order of the commissioners' court; that said school district duly issued and sold bonds, and with the proceeds built a schoolhouse in said district, and which bonds are now outstanding and a charge upon the said lands in said district, and subject to a tax of 25 cents on the $100 valuation, which tax is necessary to pay said bonds, interest, and create the sinking fund as required. Relators further say that by attempting to create the Woodson independent school district as defined approximately 200 acres of land is taken from the common school district No. 17 and placed in the Woodson independent school district, as defined, and that the bond owners have a contractual right to have said tax assessed and collected against said land as said district existed before said legislation describing and creating the territory of the Woodson independent school district. By reason of the facts above briefly stated, relators say that the legislation referred to is null and void, and violates section 16 of article 1 of the Constitution of this state, and section 10 of article 1 of the

Constitution of the United States, and section 1 of article 8 of the Constitution of this state. Relators further say that the old Woodson independent school district, as formed under the General Laws of this state, and existed before the enactment of the legislation complained of, duly issued said bonds, which are now outstanding, and duly authorized a levy of a tax of 50 cents on the $100 valuation of property in said district, and which rate of bond tax was and is now necessary to pay said bonds; that the new Woodson independent school district, on July 14, 1923, voted to assume the outstanding bonds of the old Woodson independent school district, and that a tax of 25 cents on the $100 valuation is necessary to pay said outstanding bonds, but appellants say that by reason of the facts stated no valid election was held, and for that reason none of the lands added to the old Woodson independent school district, as attempted by the said legislation, are liable for taxation to pay said outstanding bonds of the old Woodson independent school district, and said new Woodson independent school district has no authority to cause such tax to be levied, assessed and collected, as it threatens to do, and will do, unless restrained. Appellants, in the event said election is held to be valid, say that such bond tax so authorized cannot be levied against said lands, for the reason that such bond tax, considered in connection with the bond tax voted by the common school district No. 17, will violate section 1 of article 8 of the Constitution of this state.

Appellants further say that on the 3d day of May, 1924, the new Woodson independent school district voted to issue additional bonds for the purpose of making repairs on the school building and equipping same, and voted a bond tax of 50 cents, and voted a maintenance tax of 50 cents, on the $100 valuation of the property in said district, and that the trustees of the district are threatening to and will issue said bonds and levy said taxes, unless restrained. Appellants deny the right of said trustees to issue said bonds and levy said taxes, for the reason that the district derives its authority to issue said bonds and levy said taxes from the said act of the Thirty-Eighth Legislature complained of, and which appellants say is null and void for reasons stated. But appellants say that, in the event said legislation is not void, the taxes so voted, considered in connection with the common school district No. 17, would violate section 3 of article 7 of the Constitution of this state.

The Woodson independent school district answered by general demurrer, general denial, and specially say, in effect, that the act of the Legislature creating the district, properly construed, does not include any of common school district No. 17 within its boundaries.

The case was tried without a jury. The

court made extensive findings of fact, and therefrom concludes that the local bill creating the new Woodson independent school district, construed with reference to the intention of the Legislature, does not create a school district having within its bounds territory taken from the adjoining common school district No. 17. The court further concluded that, where no notice of contest or irregularities are pleaded or proven, the bond and bond election held on July 14, 1923, in the new Woodson independent school district is not void, as the election notices were duly posted. The court further concluded that, even granting that the distance called for in one of the calls should stand, the $3.50 annual tax is of such little consequence, the ancient maxim of "de minimus non curat lex" applies, and denied any of the relief prayed for.

## Opinion.

Since this case was tried in the district court, appealed, and briefed,·the Thirty-Ninth Legislature, by Senate Bill No. 341, (chapter 73) as passed by the regular session of the Legislature, a certified copy of which is before us, so amended the former act creating the Woodson independent school district in Throckmorton and Stephens counties, and reducing and defining the boundaries of the Woodson independent school district, and providing that the outstanding bonded indebtedness of all school districts or parts thereof included within the bounds of said district shall remain chargeable against the territory which voted the same, and providing that the district, as created, may assume such outstanding bonded indebtedness, and prohibiting the district as therein established from selling any of the bonds voted by the former Woodson independent school district, created by the Thirty-Eighth Legislature. The act passed both houses without a dissenting vote, and was approved by the Governor, March 18, 1925.

The questions raised by the appeal are disposed of by the amendment, and since said Senate Bill 341 took effect. The act provides that the school district as redefined may, by election, determine whether or not the district as a whole shall assume the outstanding bonded indebtedness chargeable against the territory included by the act, and, in case the indebtedness is not assumed, in that event the board of trustees, tax assessor, and collector shall assess, levy, and collect the bond taxes voted by such territory to pay said bonded indebtedness. By the act the district as created is vested with all the rights, powers, privileges, and duties of an independent school district incorporated under the general laws of the state, and the board of trustees are vested and charged with all the rights, powers, privileges, and duties conferred and imposed by the general laws of the state upon trustees of independent school districts, incorporated under the general laws of the state.

There is no statement of facts found in the record, and the facts found by the trial court are made with reference to the evidence on the trial and before the amendment changing the boundaries of the school district.

As we view the amendment, it destroys the equities in appellants' bill. If there is any liability of appellants for taxes on any lands they own in the district as it was before the amendment, such liability could exist only for the tax for the one year, 1924, and as to such liability we feel disposed to apply the maxim applied by the trial court, as above stated. In view of the legislation as above, restating the boundaries of the school district, we feel that the best interests of all concerned will better be served by affirming the case.

Affirmed.

HIGGINS, J., did not sit in this case.